UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
**Charlottesville Division**

JOHN VERGA,

    Plaintiff,

v.                                                Case No.: _____

VAN DER LINDE HOUSING, INC.
A Virginia Corporation,

    Defendant.

_____/

## COMPLAINT

Plaintiff, John Verga ("Plaintiff"), through his undersigned counsel, hereby files this Complaint and sues Van Der Linde Housing, Inc., a Virginia corporation, for injunctive relief, attorney's fees and costs pursuant to 42 U.S.C. §12181, *et seq.*, ("Americans with Disabilities Act" or "ADA") and alleges:

## JURISDICTION AND PARTIES

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. §12181 *et seq.* (hereinafter referred to as the "ADA").

2. This Court is vested with original jurisdiction under 28 U.S.C. §§1331 and 1343. Venue is proper in this Court pursuant to 28 U.S.C. §1391(B) and Local Rules of the United States District Court for the Western District of Virginia, Charlottesville Division.

3. Plaintiff, John Verga (hereinafter referred to as "Verga") is a resident of Palmyra, Virginia and is a qualified individual with a disability under the ADA. Verga suffers from what constitutes a "qualified disability" under the Americans with Disabilities Act of 1990, ("ADA")

and all other applicable Federal statutes and regulations to the extent that he suffered a spinal injury and requires a wheelchair for mobility.  Prior to instituting the instant action, Verga personally visited the Defendant's premises within the last three (3) months and was denied full, safe and equal access to the Defendant's premises due to the barriers to access which exist and the Defendant's lack of compliance with the ADA. Verga intends to and continues to desire to visit the Defendant's premises but continues to be denied full, safe and equal access due to the barriers to access and violations which continue to exist.

4.      The Defendant, Van Der Linde Housing, Inc., a Virginia corporation, (hereinafter referred to as "VDLH") is authorized to conduct and is conducting business in the State of Virginia.  Upon information and belief, VDLH is the owner, lessee and/or operator of the real property and improvements that is the subject of this action, more specifically, the Woodbrook Shopping Center located at 1821-1857 Seminole Trail, Charlottesville, Virginia, (hereinafter referred to as the "Shopping Center"),.

5.      All events giving rise to this lawsuit occurred in the Western District of Virginia in Charlottesville, Virginia.

**COUNT I - VIOLATION OF THE AMERICANS WITH DISABILITIES ACT**

6.      On or about July 26, 1990, Congress enacted the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12101 *et seq.*   Commercial enterprises were provided one-and-a-half years from enactment of the statute to implement its requirements.  The effective date of Title III of the ADA was January 26, 1992. 42 U.S.C. §12181; 20 C.F.R. §36.508(A).

7.      Pursuant to 42 U.S.C. §12181(7) and 28 C.F.R. §36.104, the establishment owned and/or operated by VDLH  is a place of public accommodation in that it is a retail shopping center, which provides goods and services to the public.

8. Defendant, VDLH has discriminated, and continues to discriminate against the Plaintiff, and others who are similarly situated, by denying access to, and full and equal enjoyment of goods, services, facilities, privileges, advantages and/or accommodations at the Shopping Center in derogation of 42 U.S.C. § 12101 *et seq.*

9. The Plaintiff has been unable to and continues to be unable to enjoy access to, and the benefits of the services offered at the Shopping Center. Prior to the filing of this lawsuit, the Plaintiff personally and regularly visited the Defendant's premises and was denied access to the benefits, accommodations and services of the Defendant's place of public accommodation and therefore suffered an injury in fact. In addition, the Plaintiff continues to desire and intends to visit the Shopping Center, but continues to be injured in that he is unable to and continues to be discriminated against due to the architectural barriers which remain at the Shopping Center in violation of the ADA. Verga has now and continues to have reasonable grounds for believing that he has been and will be discriminated against because of the Defendant's deliberate and knowing violations of the ADA.

10. Pursuant to the mandates of 42 U.S.C. § 12134(a), on July 26, 1991, the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA 28 C.F.R. Part 36.

11. VDLH is in violation of 42 U.S.C. § 12181 *et seq.* and 28 C.F.R. § 36.302 *et seq.*, and are discriminating against the Plaintiff as a result of *inter alia*, the following specific barriers to access that Plaintiff personally encountered:

   i. Some of the parking spaces designated as accessible lack adjacent access aisles;

   ii. Some of the parking spaces designated as accessible lack above grade signage;

      iii.    Some of the parking spaces designated as accessible lack penalty information required by the USBC of Virginia;

      iv.    Some of the curb ramps contain abrupt changes in level and maintain slopes in excess of 8.33%;

      v.    Some of the curb ramps lack tapered sides;

      vi.    There are abrupt changes in level throughout the path of travel within the Shopping Center;

      vii.    Some areas of the path of travel throughout the Shopping Center is narrowed by parked vehicles;

12.    There are other current violations of the ADA at the Shopping Center owned and/or operated by VDLH which are not specifically identified herein as the Plaintiff is not required to engage in a futile gesture pursuant to 28 C.F.R. Part 36, § 36.501 and, as such, only once a full inspection is performed by Plaintiff or Plaintiff's representatives can all said violations be identified.

13.    To date, the barriers to access and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

14.    Pursuant to the ADA, 42 U.S.C. § 12101 *et seq.,* and 28 C.F.R. § 36.304, VDLH was required to make the subject property, a place of public accommodation, accessible to persons with disabilities by January 28, 1992. To date, VDLH has failed to comply with this mandate.

15.    The Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. Plaintiff is entitled to have hid reasonable attorney's fees, costs and expenses paid by VDLH pursuant to 42 U.S.C. § 12205.

16.    Pursuant to 42 U.S.C. § 12188, this Court is vested with the authority to grant

Plaintiff injunctive relief, including an order to alter the subject facility to make it readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA, and closing the subject facility until the requisite modifications are completed.

WHEREFORE, the Plaintiff demands judgment against Van der Linde Housing, Inc. and requests the following injunctive and declaratory relief:

A.   That the Court declare that the property owned and administered by VDLH is violative of the ADA;

B.   That the Court enter an Order directing VDLH to alter the subject facility to make it accessible to and usable by individuals with disabilities to the full extent required by Title III of the ADA;

C.   That the Court enter an Order directing VDLH to evaluate and neutralize its policies, practices and procedures toward persons with disabilities, for such reasonable time so as to allow them to undertake and complete corrective procedures;

D.   That the Court award reasonable attorney's fees, costs (including expert fees) and other expenses of suit, to the Plaintiff; and

E.   That the Court award such other and further relief as it deems necessary, just and proper.

Dated:  3/15/13                          Respectfully submitted,

/s/ Jonathan H. Walker
Jonathan H. Walker, Esquire
Virginia Bar No. 24300
Mason Mason Walker, et al.
11848 Rock Landing Dr, #201
Newport News, VA  23606
Telephone: (757) 873-3909
Facsimile: (757)  873-1781
jwalker@masonwalker.com